NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

04-5118

HENDERSON COUNTY DRAINAGE DISTRICT NO. 3,
BAY ISLAND DRAINAGE & LEVEE DISTRICT NO. 1,
INDIAN GRAVE DRAINAGE DISTRICT, LIMA LAKE DRAINAGE DISTRICT,
HUNT DRAINAGE DISTRICT, DRURY DRAINAGE DISTRICT,
HILLVIEW DRAINAGE & LEVEE DISTRICT,
NUTWOOD DRAINAGE & LEVEE DISTRICT, ELDRED DRAINAGE DISTRICT,
SOUTH RIVER DRAINAGE DISTRICT, MARION COUNTY DRAINAGE DISTRICT,
FABIUS RIVER DRAINAGE DISTRICT, KEECH DRAINAGE DISTRICT,
JOHN A. ROBB, BARBARA ROBB, ROBERT MUNSON, COURTNEY MUNSON,
HOWARD PRUETT, and the ESTATE OF GLENN J. ROMKEY,

Plaintiffs-Appellants,

v.

UNITED STATES,

Defendant-Appellee.

_____

DECIDED:  June 14, 2005
_____

Before CLEVENGER, BRYSON and GAJARSA, Circuit Judges.

CLEVENGER, Circuit Judge.

This is an appeal from a final decision of the Court of Federal Claims holding, inter alia:  (1) that Appellants are not entitled to reformation of a contract they entered into with the United States in 1961; and (2) that Appellants' takings claims against the United States are either time-barred or, alternatively, not proved.  Because Appellants have shown no error of law or fact in the thorough and well-reasoned decision of the Court of Federal Claims, we affirm.

I

The facts of this case are complex, but are ably and completely set forth in a series of opinions of the Court of Federal Claims. See Henderson Co. Drainage Dist. No. 3 v. United States, 60 Fed. Cl. 748 (May 26, 2004); Henderson Co. Drainage Dist. No. 3 v. United States, 55 Fed. Cl. 334 (Jan. 23, 2003); Henderson Co. Drainage Dist. No. 3 v. United States, 53 Fed. Cl. 48 (July 30, 2002). Very briefly, this case involves a series of locks and dams constructed during the 1930s on the upper Mississippi River for the purpose of establishing and maintaining a nine-foot deep navigation channel. The project is known as the "Navigation Project." The plaintiffs are drainage districts bordering the Mississippi River and riparian landowners who own land within the districts. Collectively, this opinion refers to the plaintiffs as the "Districts."

In 1961, the United States entered into an agreement with the Districts, which provided that the United States would make a one-time payment in exchange for a promise to "release and forever discharge the United States . . . from any and all damages and claims for damages, past, present, and future, that said district may have or claim to have, arising out of, resulting from, or caused by the execution, construction, operation, or maintenance of the nine-foot channel project." 53 Fed. Cl. at 53.

In 1995, the Districts sued the United States claiming that the United States had breached the 1961 agreements, that the agreements should be reformed, and that by its operation of the Navigation Project, the United States had taken their property without just compensation.

The Court of Federal Claims entered summary judgment in favor of the United States on the claims for breach of contract and reformation. See 53 Fed. Cl. at 53-58.

After conducting a trial, the court held that the Districts' takings claims were time-barred, see 60 Fed. Cl. at 757-68, but that if not time-barred, the Districts had failed to prove that the Navigation Project had caused a taking of their property, see 60 Fed. Cl. at 768-80.

The Districts appeal, contending that the Court of Federal Claims erred by not reforming the 1961 contract, and "erred . . . in concluding that [the Districts'] takings claims are barred by the six year [sic] statute of limitations."  We review final decisions of the Court of Federal Claims pursuant to 28 U.S.C. § 1295(a)(3).

II

We review the grant of summary judgment de novo, viewing all factual inferences in favor of the nonmovant.  See Anderson v. United States, 344 F.3d 1343, 1349 (Fed. Cir. 2003).  We otherwise review conclusions of law of the Court of Federal Claims de novo, while reviewing findings of fact made by the Court of Federal Claims for clear error.  See Glendale Fed. Bank, FSB v. United States, 239 F.3d 1374, 1379 (Fed. Cir. 2001).

A

For the reasons clearly identified and thoroughly discussed by the Court of Federal Claims, the government has not breached the 1961 contract and reformation is not appropriate.  See 53 Fed. Cl. at 57.  The Districts have not demonstrated any error in either the court's interpretation of the contract or the court's holding that the Districts' contract claims are time-barred.  In addition, the Districts have shown no error in the finding of the Court of Federal Claims that the alleged mutual mistake pertained to a prediction or judgment concerning a future event.  Id.  Moreover, the Districts have

failed to show any error in the finding of the Court of Federal Claims that the allegedly mistaken seepage estimates, upon which the 1961 settlement payments were supposedly based, were not in fact mistaken. 60 Fed. Cl. at 773-74.

B

The Court of Federal Claims correctly determined that the Districts have not proved that the United States has taken their property without just compensation by its operation of the Navigation Project. The Court of Federal Claims thoroughly addressed the relevant issues, and correctly concluded that the "plaintiff's failed to prove at trial that the Navigation Project caused the seepage, gravity drainage and levee erosion problems of which they have complained in this action." 60 Fed. Cl. at 781. The government contends that the Districts have not set forth a well-articulated appeal from this holding. Even assuming, arguendo, that the Districts did properly appeal the merits of this issue, we affirm the judgment of the Court of Federal Claims that the Districts failed to establish a taking of their property. Moreover, we also conclude that the takings claim is time-barred for the reasons clearly set forth by the Court of Federal Claims. See 60 Fed. Cl. at 757-68.

No costs.